UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY A. HENRY,            )
                           )
    Petitioner,            )
                           )
vs.                        )     Case No. 4:02CV1360 JCH
                           )
DON ROPER & JEREMIAH W. (Jay)  )
NIXON, Missouri Attorney General )
    Respondent.            )

# MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Larry A. Henry's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4). The matter is fully briefed and ready for disposition.

On June 10, 1999, a jury in the Circuit Court of the City of St. Louis, Missouri, found Petitioner guilty of two counts of assault in the first degree, and two counts of armed criminal action. (Respondent's Ex. B, pp. 53-56). Petitioner was acquitted of robbery in the first degree. (Respondent's Ex. B, p. 57). On August 12, 1999, the trial court sentenced Petitioner to serve a term of life imprisonment for each count of assault, and a term of three years imprisonment on each count of armed criminal action to be served concurrent with each other but consecutive with the assault convictions. (Respondent's Ex. A, Vol. 4, pp. 13-14). On August 15, 2000, the Missouri Court of Appeals affirmed Petitioner's conviction. (Respondent's Ex. E).

Petitioner is currently incarcerated at the Potosi Correctional Center in Cameron, Missouri. (Petition, p. 2). In his § 2254 petition, filed September 16, 2002, Petitioner raises the following three grounds for relief:

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(1) Petitioner was denied due process of law when the trial court overruled Petitioner's objections to testimony about his statements invoking his right to remain silent and in permitting the prosecutor to cross-examine Petitioner about those statements;

(2) Petitioner was denied due process of law when the trial court overruled Petitioner's objection to the State arguing that Petitioner's statements invoking his right to remain silent was evidence of his guilt; and

(3) Petitioner was denied due process of law when the trial court erred in (a) admitting detailed testimony about the substance of a telephone tip received by police officers; and (b) failing to grant Petitioner's motion to disregard the highly prejudicial testimony.

On October 29, 2003, Respondent filed his Response. (Doc. # 7). On January 13, 2003, Petitioner filed his Traverse. (Doc. # 10). The Court will address each ground for relief in turn.

## DISCUSSION

A state prisoner may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a). A state prisoner is entitled "'to relief on federal habeas corpus only upon proving that [his] detention violates . . . fundamental liberties . . . safeguarded against state action by the Federal Constitution.'" Wessling v. Bennett, 410 F.2d 205, 209 (8th Cir. 1969) (quoting Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963)). "'[I]t is not the province of a federal habeas court to re-examine state-court determinations [of] state-law questions.'" Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir. 1997) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991)). Rather, a federal court is limited "'to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.'" Id.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132, 110 Stat. 1214, made numerous changes to Title 28, Chapter 153 of the United States Code, 28 U.S.C. §§ 2241-2255, the chapter governing federal habeas petitions. Specifically, in Section 104 of the AEDPA, Congress added new subsection (d) to 28 U.S.C. § 2254. That subsection provides as follows:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Under the "contrary to" clause of § 2254 (d)(1), a petitioner may prevail if the state court's decision is opposite to that reached by the United States Supreme Court on a question of law or if a state court decides a case differently than the United States Supreme Court despite confronting indistinguishable facts. See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000)(citing Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1423, 146 L.Ed.2d 389 (2000)); see also Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a writ may issue only if the state court identifies that correct governing legal principle from the United State Supreme Court's decisions but unreasonably applies the principle to the facts of the petitioner's case. See Williams, 120 S.Ct. at 1523. Under this clause, a federal habeas court should ask "whether the state court's application of clearly established federal law [as determined by the United States Supreme Court]

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

was objectively unreasonable." Id. at 1521. It is not enough for the federal habeas court to conclude in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. Id. at 1522.

## **Exhaustion**

Petitioner raised the three issues presently before this Court before the Missouri Court of Appeals and Respondent concedes that he has exhausted his available state court remedies. (Response to Order to Show Cause Why Writ of Habeas Corpus Should Not be Granted ("Response")(Doc. 7), p. 2). The Missouri Court of Appeals held that there was no error of law, but declined to issue an extended opinion reciting the detailed facts and restating the principles of law, finding that to do so would serve no precedential value. (Respondent's Ex. E).

"The summary nature of a state court's decision does not affect the applicable standard of review under § 2254(d)(1)." Closs v. Weber, 238 F.3d 1018, 1020 (8th Cir. 2001).

## **Claims Addressed on the Merits.**

**Grounds 1 and 2.** In his first ground for relief, Petitioner alleges that he was denied due process of law when the trial court overruled Petitioner's objections to testimony about his statements invoking his right to remain silent and in permitting the prosecutor to cross-examine Petitioner about those statements. In his second ground for relief, Petitioner alleges that he was denied due process of law when the trial court overruled Petitioner's objection to the State arguing that Petitioner's statements invoking his right to remain silent was evidence of his guilt.

In Ground 1, Petitioner specifically objects to the following testimony elicited at trial:

*Q(Prosecutor)*: Okay. And what happened when you took him into your custody?

- 4 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*A (Detective Frederick Klobe)*: I took him out – he was already in a cell and I took him out of the cell and I told him who I was and the investigation that I was conducting regarding this double shooting. I told him that I was going to put him in a lineup and that he had already been identified by photo that he was responsible and that both victims had said he was the person responsible. I asked him if he could explain what happened because I thought it was, frankly, I thought it was pretty – I told him–
*[Defense Counsel]*: Objection to –I am objecting to any statement he attributes to the defendant.
*Q (Prosecutor)*: Let me back you up a little bit.
*THE COURT*: Overruled. Go ahead.
*Q (Prosecutor)*: When you first took him into custody, did you read him his rights?
*A (Klobe)*: Yes.
*Q*: Okay. And how did you do that? Did you do that off a card or did you do it off of memory?
*A*: I usually do it off my head unless I have them sign a warning and waiver form.
*Q*: Okay. Did you do it off your head this time?
*A*: Yes.
*Q*: And what rights did you tell him he had?
*A*: I told him that he had the right to remain silent, that anything he said could be used against him in court. I told him that he had the right to an attorney and that if he could not afford an attorney one would be appointed for him.
*Q*: And then you told him the facts surrounding this wanted [*sic*] that was out for him.
*A*: Yes.
*Q*: All right. What happened after that?
*[Defense Counsel]*: I am objecting to any statement the officer attributes to the defendant based upon the fact that, Number 1, he did not confess and, Number 2, that any other statement would be irrelevant to the issues of the case.
*THE COURT*: Overruled.
*Q (Prosecutor)*: Go Ahead.
*A(Klobe)*: He told me that he had nothing to say, that there wasn't anything he could say that would help him out of this.

(Transcript, Vol. 2, pp. 216-18).

In Ground 2, Petitioner objects to the following statement made by the prosecutor during his closing argument:

*Prosecutor*: So what does [Petitioner] do? He's trying to answer the question that he gave Detective Klobe after Detective Klobe read him his rights. What am I going to say that's going to get me out of this. Since August 31st of 1998 when he talked to Detective Klobe, he's been thinking about that. What am I going to say to get me out of this.
*[Defense Counsel]*: I'm objecting, Judge, to his why I think the defendant gives up his right to remain silent.

- 5 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*THE COURT*: Overruled. You have two minutes.

(Transcript, Vol 3, pp. 77-78).

It is well-settled that subject to certain exceptions, admission of evidence of a defendant's post-arrest silence, after Miranda warnings have been provided, is impermissible. Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). However, "a statement about not saying anything does not put the statement into the category of post-*Miranda* silence upon which comment is impermissible." United States v. Lopez-Lopez, 282 F.3d 1, 12 (1st Cir. 2002). As in Lopez-Lopez, the officer, Detective Klobe, did not testify about Petitioner's silence, but rather what Petitioner said after being apprised of his *Miranda* rights. "When an accused is given his *Miranda* rights, and then waives those rights by voluntarily making statements, he may not rely on *Doyle* to object to the admission of those statements simply because the statements refer to the act of keeping silent." Id.

Therefore, the Court finds that the Missouri Court of Appeals' holding that the there was no error of law when the trial court allowed Detective Klobe to testify as to the statements made by Petitioner after being read his *Miranda* rights and the prosecutor to comment on those statements in his closing argument does not clearly violate established law as determined by the Supreme Court of the United States. Accordingly, Petitioner's first and second grounds for relief will be denied.

**Ground 3.** In his third ground for relief, Petitioner alleges that he was denied due process of law when the trial court erred in (a) admitting detailed testimony about the substance of a telephone tip received by police officers; and (b) failing to grant Petitioner's motion to disregard the highly prejudicial testimony. Specifically, Petitioner objects to the following exchange that occurred on direct-examination of Officer Nikole Kellerman:

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> *Q (Prosecutor)*:  And how was it that you got the call? What was the extent of that call?
> *A (Kellerman)*:  I received a radio assignment for suspicious person at 5952 Wabada.  The caller stated that there was a black male, short, bald wearing a ball cap, striped shirt and blue jean shorts and a bulletproof vest that was on the porch.
> *Q*: What did you do when you got that information?
> *A*: We began responding to the address.  We contacted the caller.  She advised us the subject –
> *[Defense Counsel]*: Objecting to information received from the caller.  It has nothing to do with this case.
> *[Prosecutor]*: It goes to the officer's subsequent conduct.
> *THE COURT*:  Overruled.
> *A (Kellerman)*: I contacted the caller.  She stated that [Petitioner] –
> *[Defense Counsel]*: I'm objecting to what caller stated.  That's hearsay.
> *[Prosecutor]*: I'm offering it for the officer's subsequent conduct, Your Honor.
> *THE COURT*:  Overruled.
> *A (Kellerman)*:  She stated that  [Petitioner] was wanted for assault first degree and robbery first degree from St. Louis City and cautioned that the subject – that she had heard the subject say that he would not be taken alive by police.
> *[Defense Counsel]*: I'm objecting; this is hearsay.  This is irrelevant.  This is less probative and more prejudicial.
> *[Prosecutor]*: I am, Judge.
> *THE COURT*:  Not to prove anything that was said by this –
> *[Defense Counsel]*:  May we approach the bench Your Honor?
> *THE COURT*: Sure.

(Transcript, Vol. 2, pp. 156-57).

At a sidebar, defense counsel argued that the testimony was inadmissible hearsay, highly prejudicial, and denied Petitioner's rights to a fair trial. (Transcript, Vol. 2, p. 158) .  The prosecutor argued that he offered the statement to explain Officer Kellerman's subsequent conduct, especially her call to the dispatcher to verify the warrant for Petitioner's arrest.  (Id.). The Court responded as follows:

> *THE COURT*:  Would she not have made that call even if they didn't say the guy said he was going to kill policemen? Would they not have made that call if they simply – she simply received notice that there was a wanted [*sic*] out for Larry Henry? I thought that's why they called this special unit, that's what I was going to hear from them.  But if that's not why they called this special unit, I don't think you get to talk about the fact that he – you don't make the exception to the hearsay rule.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The hearsay comes in not to prove what was said but simply to show why she did something she did. What I'm hearing you say is she did not take any specific action at this time based on the hearsay statement that the defendant told somebody that he was not going to be taken alive or that he was going to shoot police officers.
...
*THE COURT*: You have to offer evidence of course of conduct on her part based on the statements that were made to her by the out-of court person, the person that is not here to be cross-examined, as an exception to the hearsay rule. What I'm saying to you is what did she do based on the statement that she heard to the effect that this guy was going to shoot or kill or hurt police officers. And I don't hear you say anything.
*[Prosecutor]*: She checks on the veracity of the statement.
*THE COURT*: She would've made that call simply after she heard that there was a warrant out for him, if I'm hearing you right.
*[Prosecutor]*: Well, maybe but –
*THE COURT*: We're talking about an exception–
*[Defense Counsel]*: Judge, even if –
*THE COURT*: Let me finish here. – so unless you're going to offer some testimony that shows she engaged in a specific course of conduct because she received the hearsay information that he was going to not be taken or that he was going to injure police officers, don't go any further with what some dispatcher said to her.
...
*THE COURT*: Unless there's something that she did after she heard this business of he said he was going to kill the policemen or he was not going to be taken alive, that doesn't come in as an exception to the hearsay rule. She's engaged in a course of conduct of going over there because she received a call from the unidentified whoever. That's okay.
*[Defense Counsel]*: So she already stated in unresponsive answer to one of his questions that somebody called, and there's a dangerous suspicious man with a weapon. This is evidence --
*[Prosecutor]*: She did not say anything about a weapon.
*[Defense Counsel]*: She said there's a dangerous suspicious man–
*THE COURT*: With a bulletproof vest.
*[Defense Counsel]*: With a bulletproof vest. But the bulletproof vest thing has never been disclosed to the Defense through any discovery materials. And this is an insult to the defendant's character which is totally inadmissible.
*THE COURT*: It's not evidence. He cannot argue that this is an exception to the hearsay rule; that doesn't prove anything. All it does is show why she went over there, why she made the call, why she did whatever she was doing. He can't begin to argue that anybody had a bulletproof vest on. That's substantive evidence.
*[Defense Counsel]*: Well I'm requesting, Your Honor, that you instruct the jury that doesn't mean that it was the defendant. The jury is going to weigh what it understands the man with the bulletproof vest and dangerous and suspicious was [Petitioner].

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

>    *THE COURT*: You can develop that when you cross-examine her.
>    *[Prosecutor]*: Judge, for the record, in police report Number 98120277, the first paragraph on that page, five lines down, indicates that the subject was wearing a bulletproof vest. That was disclosed in discovery. I will get through it.
>    *THE COURT*: I'm sure we will.
>    *[Prosecutor]*: The same way – I will just do it how you said earlier.
>    *THE COURT*: There is no evidence before the jury that anybody had on a bulletproof vest. No one can argue that. That comes in as an exception to the hearsay rule. It's not offered to prove that anybody had a vest on. It shows why she did what she did. Nobody can argue from that point. If you want to cross-examine about it if it comes up again, deal with it.
>    *[Defense Counsel]*: I'm not going to cross-examine on that. I'm requesting Your Honor to instruct the jury to disregard it because the jury is going to have to understand that they are talking about [Petitioner] wearing a bulletproof vest. And then you're saying suspicious.
>    *THE COURT*: I won't do that.

(Transcript, Vol. 2, pp. 159-63).

The Court does not review whether this evidence was properly admitted pursuant to state law, as we are prohibited from reviewing matters of state evidentiary law that have been decided by a state court. Clark v. Groose, 16 F.3d 960, 963 (8th Cir.), cert. denied, 513 U.S. 834, 115 S.Ct. 113, 130 L.Ed.2d 59 (1994). Our review is limited to determining whether Petitioner's federal due-process rights were violated. Osborne v. Purkett 411 F.3d 911, 917 (8th Cir. 2005); Mercer v. Armontrout, 844 F.2d 582, 587 (8th Cir.), cert. denied, 488 U.S. 900, 109 S.Ct. 249, 102 L.Ed.2d 238 (1988).

Respondent argued before the Missouri Court of Appeals that the evidence offered by Officer Kellerman was not inadmissible hearsay because it was offered to explain her subsequent conduct and to supply relevant background. It further argued that even assuming *arguendo* that such evidence was hearsay, Petitioner could not demonstrate that the error was so prejudicial that it deprived the defendant of a fair trial. The Missouri Court of Appeals found no error on appeal. (Respondent's Ex. E).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

"A state court's evidentiary rulings can form the basis for habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir.1996), cert. denied, 520 U.S. 1171, 117 S.Ct. 1439, 137 L.Ed.2d 545 (1997). The evidentiary rulings complained of here fall far short of reaching such level, if indeed they were in any respect in error. See Bounds v. Delo, 151 F.3d 1116 (8th Cir. 1998). Therefore, upon review of the record, the Court finds that the Missouri Court of Appeals' holding that there was error of law as to the trial court's admission of certain evidence with respect to the tip received by Officer Kellerman and refusal to provide a limiting instruction did not clearly violate established law as determined by the Supreme Court of the United States.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 4) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 4th day of August, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com